**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JIMIL SHEIKH,**

          **Plaintiff,**

**-vs-**  Case No. 6:12-cv-442-Orl-19KRS

**MATTHEW FOXMAN, individually and in
his official capacity as Judge of the 7th
District Judicial Circuit Court in and for
Volusia County,**

          **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES AND COSTS (Doc. No. 2)**
>
> **FILED:** March 21, 2012

**I. INTRODUCTION.**

Plaintiff Jimil Sheikh alleges that Defendant Matthew Foxman, individually and in his capacity as Judge of the Seventh District Judicial Circuit Court in and for Volusia County, deprived him of freedom of religion, equal protection and due process in violation of 42 U.S.C. § 1983. He seeks injunctive relief, declaratory relief and also seeks an award of his costs and the return of any money he was forced to pay pursuant to that court's orders.

In his complaint, Sheikh explains that he is of the Islamic faith and was involved in a custody dispute with his ex-wife before Judge Foxman. Sheikh alleges that his freedom of religion was violated because Foxman made damaging statements attacking his religion, because Foxman did not enforce a religious marriage contract and prenuptial agreement, and because Sheikh was forced to make payments which were against his religion. Sheikh also alleges that Foxman violated his right to due process and forfeited his judicial immunity when Foxman refused to recuse himself from the case. He claims his son's right to choose was violated because the son was ordered to live with his mother when he preferred to live with his father. Sheikh objects to Foxman's refusal to admit certain evidence and to the scope of examination of a witness. Sheikh claims his right to equal protection and due process was violated when he was threatened with arrest for non-payment of a financial order. Sheikh also claims Foxman violated his Fourth Amendment rights by requiring his son to surrender his passport and that his right to equal protection was violated because he was not appointed counsel. Finally, Sheikh claims his rights to equal protection and due process were violated because he could not afford copies of transcripts of the proceedings.

## II. APPLICABLE LAW.

The United States Court of Appeals for the Eleventh Circuit applies the standards applicable for reviewing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) to dismissals for failure to state a claim on which relief can be granted pursuant to section 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Under this standard, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer*

*v. Rhodes*, 416 U.S. 232 (1974). In the case of *pro se* plaintiffs, the Court should construe the complaint more liberally than it would construe pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

**III.    ANALYSIS.**

The allegedly wrongful acts by Judge Foxman were judicial acts within his authority as the presiding judge. He is, therefore, entitled to absolute immunity. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (per curiam). Therefore, the complaint must be dismissed against Judge Foxman in his individual capacity.

The claim for damages, fees and costs against Judge Foxman in his official capacity is also barred by the judge's absolute immunity for damages arising from acts committed within his judicial jurisdiction. *Berry v. State*, 400 So. 2d 80, 82-83 (Fla. 4th Dist. Ct. App. 1981); *accord* 42 U.S.C. § 1988(b). Therefore, the complaint must be dismissed against Judge Foxman to the extent that it seeks an award of monetary relief.

As for the request for injunctive relief, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." There is no allegation that Judge Foxman violated a declaratory decree. Therefore, the complaint should be dismissed to the extent that Sheikh seeks injunctive relief.

As for declaratory relief, under the Declaratory Judgment Act, Congress merely enlarged the range of remedies available in federal courts, but did not extend their jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). Accordingly, because Sheikh has failed to state a claim over which this Court has jurisdiction, declaratory relief is not available.

## IV. RECOMMENDATION.

For the reasons stated above, it is respectfully recommended that the Complaint be **DISMISSED** and the motion to proceed without prepayment of fees, Doc. No. 2, be **DENIED**. Following entry of the Court's order on this Report and Recommendation, it is further recommended that the Court direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 23, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy