**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JIMIL SHEIKH,**

                **Plaintiff,**

-vs-                                             Case No. 6:12-cv-442-Orl-19KRS

**MATTHEW FOXMAN, individually and in his official capacity as Judge of the 7th District Judicial Circuit Court in and for Volusia County,**

                **Defendant.**
_____

## ORDER

This case comes before the Court on the following:

1. Application to Proceed in District Court without Prepaying Fees or Costs by Plaintiff Jimil Sheikh (Doc. No. 2, filed Mar. 12, 2012);

2. The Report and Recommendation of United States Magistrate Judge Karla R. Spaulding on Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 3, filed Mar. 26, 2012); and

3. Written Objections to the Report and Recommendation of United States Magistrate Judge Karla R. Spaulding by Plaintiff Jimil Sheikh (Doc. No. 6, filed Mar. 30, 2012).

**Background**

Jimil Sheikh ("Plaintiff") initiated this action pursuant to 42 U.S.C. § 1983 "for violations of certain protections guaranteed to him by the First, Fourth, and Fourteenth Amendments of the federal Constitution" by Judge Matthew Foxman ("Defendant") "in his capacity as a judge in the Seventh District

Judicial Circuit Court of Volusia County." (Doc. No. 1 at 1, filed Mar. 21, 2012.) According to the Complaint, Defendant is the presiding Judge in case 201011403FMDL in which Plaintiff's ex-wife is suing Plaintiff for full custody of their children and spousal support. (*Id.* at 2.) Plaintiff seeks injunctive relief, declaratory relief, any other relief the Court deems appropriate, and an award of costs of litigation and recovery of financial orders Plaintiff was "unlawfully forced to pay." (*Id.* at 5.)

In his Complaint, Plaintiff makes a variety of allegations under 42 U.S.C. § 1983. First, Plaintiff alleges that Defendant violated his right to freedom of religion by: (i) making damaging statements attacking Plaintiff's religion in court hearings; (ii) failing to enforce the religious marriage contract and prenuptial agreement signed by Plaintiff and his ex-wife; and (iii) issuing an order threatening Plaintiff with arrest for non-payment of a financial order which Plaintiff alleges is a "direct infringement on [Plaintiff's] religious laws." (*Id.* at 2, 3, 4.) Plaintiff also alleges that Defendant violated Plaintiff's right to due process by refusing to recuse himself after Defendant allegedly engaged in improper judicial conduct. (*Id.* at 2-3.) Additionally, Plaintiff claims his rights to equal protection and due process were violated because Defendant entered an order "threatening [Plaintiff] with arrest for non-payment of a financial order" despite being certified as an indigent and because Plaintiff could not afford copies of the transcripts of the proceedings. (*Id.* at 3-4.) Plaintiff alleges his son's Fourteenth Amendment rights to choose were violated because the son was ordered to live with his mother although he "clearly indicated his desire to stay with [sic] father." (*Id.* at 3.) Further, Plaintiff claims that Defendant violated his son's right to freedom of speech by refusing to admit his son's notarized statement expressing his desire to stay with his father. (*Id.*) Plaintiff also claims that his son's Fourth Amendment rights were violated when Defendant ordered Plaintiff to surrender his son's United States passport. (*Id.* at 4.) Additionally, Plaintiff alleges that Defendant violated the Fourth Amendment rights of a witness by allowing opposing counsel

to cross-examine the witness on personal matters. (*Id.*) Lastly, Plaintiff alleges that his right to equal protection was violated because he was not appointed counsel. (*Id.*)

The same day that Plaintiff filed the Complaint, Plaintiff also filed an Application to Proceed in District Court without Prepaying Fees or Costs. (Doc. No. 2, filed Mar. 21, 2012.) Magistrate Judge Karla R. Spaulding issued a Report and Recommendation recommending that the Application to Proceed in District Court without Prepaying Fees and Costs be denied. (Doc. No. 3 at 4, filed Mar. 26, 2012.) Magistrate Judge Spaulding also recommended the Complaint be dismissed for the following reasons: (i) Defendant is entitled to absolute immunity; (ii) Plaintiff has failed to state a claim for injunctive relief because Plaintiff has not alleged that Defendant violated a declaratory decree or that declaratory relief was unavailable; and (iii) declaratory relief is not available because Plaintiff has failed to state a claim over which the Court has jurisdiction. (*Id.* at 3.)

**Standard of Review**

When a motion is delegated to a magistrate judge under Title 28, Section 636(b), of the United States Code, the magistrate judge is required to submit a report to the district court and parties. 28 U.S.C. § 636(b). If a party makes a proper objection to the magistrate judge's report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which the objection is made. FED. R. CIV. P. 72(b)(3); *Macort v. Prem, Inc.,* 208 Fed. App'x 781, 783-84 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 Fed. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). The district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. FED. R. CIV. P. 72(b)(3); *Macort,* 208 Fed. App'x at 784 (quoting *Heath,* 863 F.2d at 822). When conducting its *de novo* review, "the district court's consideration

of the factual issue [must] be independent and based upon the record before the court." *Macort,* 208 Fed. App'x at 784 (quoting *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988)).

Pursuant to Title 28, Section 1915, of the United States Code, federal district courts are required to conduct an initial screening of civil complaints filed *in forma pauperis.* 28 U.S.C. § 1915. A motion to proceed *in forma pauperis* enables the plaintiff to pursue his or her action without prepayment of fees or costs. *Id.* The pauper's affidavit, however, should not be a "broad highway into federal courts." *Phillips v. Mashburn,* 746 F.2d 782, 785 (11th Cir. 1984) (citing *Jones v. Ault,* 67 F.R.D. 124, 127 (S.D. Ga. 1974)). Indigence does not create a right to expend public funds and the time of the courts in order to prosecute a meritless action. *Id.* Therefore, the district court is authorized to "dismiss the case if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A lawsuit is considered frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons & Paroles Bd.,* 915 F.2d 636, 639 (11th Cir. 1990). Legal theories are frivolous when they are "indisputably meritless." *Neitzke v. Williams,* 490 U.S. 319, 329 (1989); *Battle v. Cent. State Hosp.,* 898 F.2d 126, 129 (11th Cir. 1990).

The United States Supreme Court has explained that a federal district court's authority to dismiss a case under Title 28, Section 1915, of the United States Code is "designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke,* 490 U.S. at 327. The Court continued, "[t]o this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations

and dismiss those claims whose factual contentions are clearly baseless." *Id.* Examples of such claims include "claims against which it is clear that the defendants are immune from suit," "claims of infringement of a legal interest which clearly does not exist," and "claims describing fantastic or delusional scenarios." *Id.* at 327-28.

**Discussion**

Plaintiff makes the following objections to Magistrate Judge Spaulding's Report and Recommendation: (i) Defendant should not be afforded judicial immunity because he was required to recuse himself given his "strong personal relationship" with opposing counsel; and (ii) Defendant did violate declaratory decrees including the marriage contract signed by Plaintiff and his ex-wife and a visitation arrangement issued by Defendant. (Doc. No. 6 at 1, 2.)

The Court finds that Plaintiff's arguments are without merit. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity . . . ." *Bolin v. Store,* 225 F.3d 1234, 1239 (11th Cir. 2000) (citing *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978); *Simmons v. Conger,* 86 F.3d 1080, 1084-85 (11th Cir. 1996)). Absolute immunity applies "even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* Judicial immunity not only affords absolute immunity from damages, but also provides immunity from suit. *Mireles v. Waco,* 502 U.S. 9, 11 (1991).

Judicial immunity may be overcome in two instances. *Id.* "First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity." *Id.* (citing cases). To determine whether a judge was acting within his or her judicial capacity, the court must look to the nature of the act. *Otworth v. The Fla. Bar,* 71 F. Supp. 2d 1209, 1218 (M.D. Fla. 1999) (quoting *Stump,* 435 U.S. at 362). The Eleventh Circuit has considered the following four factors when determining if a

judge's actions were within his or her judicial capacity: (1) whether the "act complained of constituted a normal judicial function;" (2) whether the "events occurred in the judge's chambers or in open court;" (3) whether the "controversy involved a case pending before the judge;" and (4) whether the "confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando,* 437 F.3d 1067, 1070 (11th Cir. 2005) (citing *Scott v. Hayes,* 719 F.2d 1562, 1565 (11th Cir. 1983)).

The second instance under which judicial immunity may be overcome occurs when the judge's actions, though possibly judicial in nature, are done in the complete absence of jurisdiction. *Mireles,* 502 U.S. at 12 (citing cases). When determining whether a judge has jurisdiction over the matter, "a court must construe jurisdiction broadly in favor of the defendant judge." *Otworth,* 71 F. Supp. 2d at 1218. Additionally, a judge may still be entitled to absolute immunity even when acting "in excess" of his or her jurisdiction. *Lloyd v. Foster,* 298 Fed. App'x 836, 840 (11th Cir. 2008) (citing *Stump,* 435 U.S. at 356 n.7). For example,

> if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Id.*

In the present case, Plaintiff alleges that Defendant, acting in his official capacity, violated Plaintiff's constitutional rights under 42 U.S.C. § 1983 by assassinating Plaintiff's character, having a personal relationship and engaging in *ex parte* communications with opposing counsel, acting with bias towards Plaintiff, and attacking Plaintiff's religion in court hearings. (Doc. No. 1 at 2-3.) Plaintiff therefore argues that Defendant has "lost Judicial Immunity" by not recusing himself from the matter. (*Id.* at 3.)

The acts complained of by Plaintiff are directly related to the adjudication of Plaintiff's custody and spousal support case. *See Sibley,* 437 F.3d at 1070 (explaining that acts constituting normal judicial functions, even occurring in open court, and acts involving cases pending before the defendant judge are made within one's judicial capacity). Additionally, other courts have held that judges alleged to have committed similar acts were entitled to absolute immunity. *See Dykes v. Hosemann,* 776 F.2d 942, 946 (11th Cir. 1985) (determining that *ex parte* communications to opposing counsel constitute a judicial act, even if allegedly conspiratorial)*; Keating v. Martin,* 638 F.2d 1121, 1122 (8th Cir. 1980) (finding the judge immune even though it was alleged that the judge met *ex parte* with prosecutor to arrange for the denial of the admission of some of plaintiff's evidence); *Calvert v. Safranek,* 209 Fed. App'x 816, 820 (10th Cir. 2006) (finding that the judge was protected by absolute immunity when the judge allegedly slandered a property owner from the bench and declared that he intended to make an example out of him). Therefore, even if Plaintiff alleges that Defendant should have withdrawn from the case or that he acted in a manner Plaintiff believes to be malicious, Defendant's actions were done within his judicial capacity and thus, Defendant is entitled to absolute immunity. *See Stump,* 435 U.S. at 363 ("Disagreement with the action taken by the judge . . . does not justify depriving that judge of his immunity.")

Because Defendant's actions are protected by absolute immunity, the Court agrees with Magistrate Judge Spaulding's recommendation to dismiss the Complaint. (Doc. No. 3 at 3); *Williams v. Ala.,* 425 Fed. App'x 824, 826 (11th Cir. 2011) (citing *Sibley,* 437 F.3d at 1070 n.2) (noting that a district court "may dismiss a claim based on absolute judicial immunity if it represents an 'obvious bar' based on the allegations in the complaint"). Plaintiff's claims for costs, fees, and other monetary damages are also barred by the doctrine of absolute immunity. *Mireles,* 502 U.S. at 9 (citing cases) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages.").

In his Complaint, Plaintiff also seeks injunctive and declaratory relief. (Doc. No. 1 at 5.) With respect to injunctive relief, section 1983 states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Here, Plaintiff alleges that Defendant violated (i) his marriage contract by refusing to enforce it; and (ii) a visitation arrangement issued by Defendant by refusing to enforce Plaintiff's requests for civil contempt enforcement when Plaintiff's ex-wife allegedly violated the order. (Doc. No. 6 at 2.) However, the marriage contract and visitation agreement do not constitute "declaratory decrees." *Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C.,* No. 6:11-cv-1054-Orl-28DAB, 2011 WL 6752561, at *6 (M.D. Fla. Nov. 16, 2011) (citations and quotation marks omitted) ("A declaratory judgment is an action in which the court declares rights, duties, and status or other legal relations between the parties . . . ."). Additionally, Plaintiff is not eligible for injunctive relief because he has an adequate remedy at law; specifically, the right to appeal to the state appellate courts.[1] *Bolin,* 225 F.3d at 1243; *Sibley,* 437 F.3d at 1073-74. Furthermore, the Eleventh Circuit has "extended judicial immunity to cases seeking injunctive relief against the judge." *Redford v. Wright,* 378 Fed. App'x 987, 987 (11th Cir. 2010) (citing *Bolin,* 222 F.3d at 1242); *Cuyler v. U.S. Dist. Court,* No. 6:11-cv-1225-ORL-31GJK, 2011 WL 5525935, at *2 n.7 (M.D. Fla. Nov. 14, 2011).

Accordingly, the Court agrees with Magistrate Judge Spaulding's recommendation to dismiss the

---

[1] This would also apply to Plaintiff's claim that Defendant should have recused himself. Further, Plaintiff has failed to establish that Defendant should have recused himself from the custody matter. Recusal of a judge is required when the judge "'has a personal bias or prejudice concerning a party . . . .'" *Redford v. Wright,* 378 Fed. App'x 987, 987 (11th Cir. 2010) (citing 28 U.S.C. § 455(b)). Plaintiff has offered no factual evidence that Defendant acted with bias or prejudice towards him. Moreover, "mere adverse rulings do not constitute the sort of pervasive bias that necessitates recusal." *Id.* (citing *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994)).

Complaint to the extent Plaintiff seeks injunctive relief. (Doc. No. 3 at 3.) The Court also finds the Complaint should be dismissed to the extent Plaintiff seeks declaratory relief as Plaintiff has failed to state a claim over which the Court has jurisdiction. *Weinstein v. Kell,* No. 1:09-CV-0948-RLV, 2009 WL 1834506, at *1 (N.D. Ga. May 29, 2009); *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671 (1950).

**Conclusion**

The Court **OVERRULES** Plaintiff's objections to the Report and Recommendation. (Doc. No. 6, filed Mar. 30, 2012.) The Report and Recommendation of Magistrate Judge Karla R. Spaulding (Doc. No. 3, filed Mar. 26, 2012) is **ADOPTED and AFFIRMED**, Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 2, filed Mar. 21, 2012) is **DENIED**, and the Complaint is **DISMISSED**. The Clerk of the Court is directed to close this case.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on April   9   , 2012.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record
Unrepresented Parties